**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4735

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN JONES,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   Charles H. Haden II, District Judge. (CR-02-178)

Submitted:  April 15, 2004          Decided:  April 20, 2004

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Ernest Skaggs, SKAGGS & SKAGGS, Fayetteville, West Virginia, for Appellant. Kasey Warner, United States Attorney, Karen B. George, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Jones appeals the district court's order sentencing him to thirty-seven months of imprisonment following his guilty plea to one count of concealment of work while receiving social security benefits, in violation of 42 U.S.C. § 408(a)(4) (2000), and one count of fraudulent use of credit cards, in violation of 18 U.S.C. §§ 1029(a)(2), 2 (2000). Jones' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that, in his view, there are no meritorious grounds for appeal.

Counsel suggests that the court may have erred in denying Jones an adjustment for acceptance of responsibility. The district court's determination regarding acceptance of responsibility is factual, and we review it with great deference for clear error. U.S. Sentencing Guidelines Manual § 3E1.1, comment. (n.5) (2002); United States v. Ruhe, 191 F.3d 376, 388 (4th Cir. 1999). Our review of the record convinces us that the district court did not err in concluding that Jones had not demonstrated acceptance of responsibility.

In his pro se brief, Jones essentially repeats counsel's argument regarding acceptance of responsibility. Jones also asserts that he provided assistance to the Government, before and after his sentencing in the instant case, in the investigation of other crimes. To the extent that we construe these assertions as

alleging that he was improperly denied a downward departure from his Guidelines range based upon substantial assistance, we note that Jones did not raise this issue before the district court and does not assert that any failure by the Government to move for a departure was based upon an improper motive. See Wade v. United States, 504 U.S. 181 (1992). Accordingly, we find this argument does not entitle Jones to any relief.

We have reviewed the record in accordance with Anders and find no meritorious issues. We therefore affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED